## Nellie Overley v. The State.

No. 9654.    Delivered December 9, 1925.

Rehearing denied May 26, 1926.

**1.—Possessing Intoxicating Liquor—Evidence—Properly Admitted.**

Where, on a trial for possession of intoxicating liquor for purpose of sale officers with a search warrant entered appellant's house, and met with resistance from appellant, and her daughter broke several jars of whiskey in the bath room, and claimed that the whiskey was brought to the house by one Jenkins without her mother's consent on the night before the search, there was no error in permitting the state to prove by said Jenkins that he did not take the whiskey to appellant's house, but that he was there at the time stated and purchased a pint of whiskey from her daughter at said time.

**2.—Same—Evidence—Of Sale—Properly Admitted.**

On a trial for possessing intoxicating liquor for the purpose of sale, it has been many times held by this court that proof of sales made by the accused at a time not too remote would be admissible as throwing light on the purpose for which the whiskey in question was possessed, and there was no error in the instant case in permitting the state to prove by the witness Jenkins that he bought whiskey from appellant some forty days before the search made by the officers.

### ON REHEARING.

**3.—Same—Practice on Appeal—Record of Trial Court only Considered.**

In a supplemental motion for rehearing appellant attempts to bring before the court by affidavits original evidence relating to the case. Such practice cannot be sanctioned. Ours is not a court of original jurisdiction. We pass upon a case only on the record as made in the court below.

**4.—Same—Evidence—Properly Admitted.**

The evidence in this case clearly establishing that Juanita Overley, daughter of appellant, was active, together with her mother, in the commission of the offense, we adhere to our original opinion that the state was properly permitted to prove by the witness Jenkins that he was at appellant's house the night before the search and purchased a pint of whiskey from Juanita Overley, the daughter of appellant.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Appellant complains at the admission of the testimony of Cliff Jenkins that on the night before the officers found whiskey in appellant's house Jenkins had bought a pint of whiskey from Juanita Overley (appellant's daughter) it being urged that appellant was not present at the time and knew nothing about such transaction, if it occurred, and that it was not binding upon her nor was she chargeable therewith.

Officers armed with a search warrant went to appellant's home on the morning of the third of February, one of them going to the kitchen door. He told appellant he had a search warrant for the place and she undertook to close the door but he succeeded in entering. Appellant went from the kitchen into the dining room and was followed by the officer who told her to let the other officer in at the front door, which she declined to do. About this time the daughter (Juanita Overley), still dressed in her night clothes, ran into the bath room where the sound of breaking bottles was heard. When the officer undertook to follow the daughter into the bath room appellant caught him and jerked him back. By the time he got to the bath room door it was fastened. He then called for the other officer. When the bath room door was broken open they found five quart fruit jars broken, whiskey all over the bath room floor, but a small quantity remaining in the tops and bottoms of the broken jars. The jars had been in a carton which was also wet with whiskey. In breaking the bottles the girl had cut her hand and was holding it at the time the officers entered. Miss Overley testified that neither she nor her mother owned the whiskey which was in the bath room and which she had broken, but said she knew it was there and broke it because she feared if the officers found that quantity of whiskey it

would be used as evidence against her mother. Witness testified that on the night before this whiskey had been brought to the house by Cliff Jenkins who had carried it to the bath room and left it there with her permission; that her mother was not present at the time he brought it. Under this condition of the record the court committed no error in permitting Jenkins to testify that he did not take the whiskey in question to the home of appellant on the night before, but that he was at the house that night and purchased from Juanita Overley a pint of whiskey.

Complaint is also made that Jenkins was permitted to testify that he bought some whiskey from appellant on the 23rd of December, 1924, some forty days before the search made by the officers. It is appellant's contention that it involved a transaction too remote and involved another and distinct offense than that for which appellant was on trial. It has been held many times by this court that in a prosecution for the possession of intoxicating liquor for the purpose of sale proof of sales made by accused at a time not too remote would be admissible as throwing light upon the purpose for which the whiskey in question was possessed. We think under the facts of this case the objection goes to the weight rather than to the admissibility of the testimony complained of. The evidence was properly limited in the charge.

We are not in accord with appellant's contention that the evidence is insufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a supplemental motion for rehearing appellant attempts to bring before this court by affidavits, original evidence relating to this case. Such practice is not allowable. Ours is not a court or original jurisdiction. We pass upon the case on the record made in the court below.

Appellant introduced as witness in her behalf her daughter. Other testimony showed that when the officers went to the premises this daughter ran into the bath room and proceeded to attempt to destroy a number of containers containing intoxicating liquor. The same daughter was a witness in behalf of appellant and testified that the liquor and containers mentioned were brought to the house by one Jenkins the night preceding the visit of the officers. We said in our former opinion: "Under this condition of the record the court committed no

error in permitting Jenkins to testify that he did not take the whiskey in question to the home of appellant on the night before, but that he was at the house that night and purchased from Juanita Overley a pint of whiskey." Juanita Overley was the daughter above referred to and seems to have been acting with her mother, appellant herein, and we have no doubt as to the correctness of the action of the trial court in permitting Jenkins to testify to his purchase of a pint of whiskey from the daughter the night preceding the raid.

The burden being upon the state to prove not only the possession of the liquor in question, but that it was possessed for the purpose of sale by appellant, it was competent to prove other sales by her within a reasonable time prior to the particular possession relied on in this case. The cases of Johnson v. State, 266 S. W. Rep. 155, and Gothard v. State, 270 S. W. Rep. 177, are on facts showing transactions much more remote than appears here.

Believing the case properly disposed of in our original opinion, the motion for rehearing will be overruled.

*Overruled.*