### R. P. Hood v. The State.

No. 11697. Delivered October 3, 1928.
Rehearing denied November 7, 1928.

The opinion states the case.

*J. H. French* of Daingerfield and *J. A. Ward* of Mt. Pleasant, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year.

Officers searched appellant's residence and place of business and found therein more than ten gallons of home brew, which was shown to be intoxicating. Appellant admitted the possession and ownership of the liquor, but testified that a physician had prescribed liquor for members of his family and that the liquor found by the officers was being used by his family for medicinal purposes. Appellant's theory was supported by the testimony of a physician and other witnesses. The state's testimony showed that the day before the raid was made by the officers appellant had sold three bottles of home brew to V. D. Tittle and one Cox.

Appellant complains of the action of the court in overruling his first application for a continuance. The application fails to state facts showing diligence. One of the absent witnesses did not live in the county of the forum. Appellant stated in the application that a subpoena had been issued by the clerk and sent to Hughes Springs commanding the proper officer to summon the witness. It was not shown to whom the subpoena was delivered nor was it shown when it was delivered. While it was shown that the witness had been in attendance on a previous day of the term and that the day before the trial he wired appellant's attorney that he was ill and could not attend the trial, there were no facts stated in the application showing that he had been served with process. Two of the witnesses lived in the county of the forum. Referring to one of these witnesses appellant stated that he made "application to the clerk of this Court for a subpoena to issue to this county for said W. H. Hampton, but said subpoena has not been returned into this court and defendant is informed that said witness has not been served." Referring to the third witness, appellant averred that he had made application and caused a subpoena to be issued for the witness and placed in the hands of the sheriff of Morris County, but that "if the same has been served it is not among the papers in the carton in this case and the defendant is not able to say if same has been served." It was not shown when the subpoena was placed in the hands of the sheriff. The burden is on the accused to make an affirmative showing of the diligence used by him to procure the presence of his witnesses. De Shazo v. State, 284 S. W. 561. It is essential that an application for a continuance embody facts showing what was done with the process, that is, to whom and when it was delivered. When issued to a county other than that of the forum the application must show the manner and time of transmission of

process. Beezley v. State, 1 S. W. (2d Series) 903. The rules referred to were not complied with by appellant.

Considering the insufficiency of the application for a continuance in connection with the entire record, we note that appellant expected to prove by two of the absent witnesses that they were present on the occasion of the visit of Tittle and Cox to appellant's place of business, and that appellant did not sell said witnesses any home brew, but sold them some soft drinks. Although appellant testified in his own behalf, he failed to mention the presence of the witnesses on the occasion in question, and stated that he sold the witnesses nothing except gasoline. No claim was made by any of appellant's witnesses that he sold the state's witnesses soft drinks. They asserted that appellant sold nothing to said witnesses except gasoline. No affidavits of the absent witnesses showing that, if present, they would testify to the facts alleged in the application were appended to the motion for a new trial. Referring to the other absent witness appellant alleged that he would testify, if present, that he had drunk some of the liquor prepared by appellant and that in his opinion said liquor "would not produce intoxication when drunk in practical quantities." Appellant did not contend in his testimony that the liquor was not intoxicating. Moreover, if such contention had been made the averments in the application fail to show that the testimony of the witness would have aided in solving the issue. No affidavit of the absent witness showing that, if present, he would testify to the facts alleged by appellant was appended to the motion for a new trial. In the absence of the affidavits referred to, the judicial discretion rested with the trial judge of determining whether the absent testimony was probably true in view of the evidence heard during the trial. The action of the trial court in denying a continuance will not be reviewed upon an appeal, unless, when considered in the light of the evidence adduced on the trial, the absent testimony was shown to be material and probably true. Where the absent witness makes affidavit that, if present, he would testify to the facts stated in the application for a continuance, and such affidavit is attached to the motion for new trial, the discretion of the trial judge to determine the probable truth of such testimony ceases to operate. Mitchell v. State, 6 S. W. (2d Series) 753. In the absence of the affidavits of the absent witnesses and in the light of the evidence, the trial court was justified in concluding that the testimony set forth in the application was not probably true. It follows

that there was no error in denying the motion for a new trial based in part on the refusal to grant the continuance.

In the first count of the indictment appellant was charged with the sale of intoxicating liquor and in the second count with possession of intoxicating liquor for the purpose of sale. The charge of the court submitted only the count charging possession of intoxicating liquor for the purpose of sale. The jury returned a general verdict finding appellant guilty as charged in the indictment and assessing his punishment at confinement in the penitentiary for one year. It is shown in the judgment that appellant was adjudged to be guilty of selling intoxicating liquor. In pronouncing sentence it was likewise recited that appellant had been adjudged to be guilty of selling intoxicating liquor. The court was without authority to enter a judgment for selling intoxicating liquor upon a conviction for possessing intoxicating liquor for the purpose of sale. Under the power vested in this court, the judgment will be reformed to conform to the verdict of the jury, which, viewed in the light of the charge, was for possession of intoxicating liquor for the purpose of sale. The sentence will also be reformed in order that it may show that appellant was adjudged to be guilty of possessing intoxicating liquor for the purpose of sale. Hernandez v. State, 131 S. W. 1091.

It is contended that the court erred in permitting the State to prove that the day before the officers discovered intoxicating liquor in appellant's possession, he, appellant, sold three bottles of home brew to Tittle and Cox. The objection was not well taken. In a prosecution for the possession of intoxicating liquor for the purpose of sale, proof of sales made by the accused at a time not too remote is admissible as throwing light upon the purpose for which the liquor was possessed. Overly v. State, 283 S. W. 796.

Contending that the affidavit and search warrant were invalid, appellant lodged several objections against the reception of the testimony of the officers touching the results of the search. It is not necessary to discuss the sufficiency of the affidavit and search warrant based thereon. The officers testified that they found more than a quart of intoxicating liquor in appellant's residence and place of business. Testifying in his own behalf, appellant acknowledged that he owned the liquor seized by the officers. This was the only criminative fact testified to by the officers. Thus, appellant placed before the jury the same criminative fact testified to by the officers. Appellant is therefore in no position to claim that the reception of the testimony of the officers constituted reversible error. Sifuentes v.

State, 5 S. W. (2d Series) 144; McLaughlin v. State, 4 S. W. (2d Series) 54.

It is recited in Bill of Exception Number 6 that the district attorney stated in argument, in substance, that the only question in the case was whether appellant sold beer to Tittle. No objection was made to the statement in the presence of the jury, but a special charge was asked and refused, which is as follows:

"The statement of the District Attorney that 'the only question in the case is whether defendant sold the bottles of beer to Tittle' is not the question before you. The only question for your consideration is whether the defendant possessed the liquor for the purpose of sale and not whether he made a sale. You will look to the charge in this case, and not give said statement consideration."

It was proper for the jury to consider the question of the sale of liquor to Tittle in determining the purpose for which appellant possessed the liquor in question, and appellant was not entitled to an instruction that would preclude the jury from considering the testimony of Tittle to the effect that he bought home brew from appellant shortly before the officers discovered the liquor in question. Moreover, it appears that appellant failed to object to the argument at the time it was made. The rule announced in Harris v. State, 249 S. W. 485, has application here. It is stated as follows:

"It is conceived that the orderly procedure which must characterize a trial demands that the complaint that in his argument counsel is transcending legitimate bounds should be addressed to the trial judge at the time, so that he may determine its propriety and use his authority to counteract any injustice that may portend. It is fair that the counsel should be accorded occasion to himself withdraw any inaccurate or objectionable feature of his remarks to the jury. When the opposing counsel sits silent, he waives any argument of his adversary that can, in consonance with the orderly administration of justice, be waived."

Finding no reversible error, the judgment as reformed is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been submitted to the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the light of the appellant's motion for rehearing, the record has been re-examined, and the opinion is expressed that on the original hearing the proper judgment has been rendered.

The motion is overruled.

*Overruled.*