FRANK BOGGUS v. THE STATE.

No. 11974.  Delivered December 19, 1928.
Rehearing denied February 6, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment one year and one day in the penitentiary.

The indictment contained several counts, but the court submitted only the issue of a sale of whisky to Johnson and Kennerly, as charged in the fourth count. Both of these men testified that they went together to appellant's place and bought from him a gallon of

whisky, the agreed price of which was $12.00. That they did not have together but $11.00, and appellant credited them for the other dollar. Johnson paid $6.00, Kennerly,—$5.00. Each man had been furnished $5.00 by the sheriff with which to buy the whisky. The sheriff followed Johnson and Kennerly on the night in question and was not very far away when they bought the whisky. His name was not mentioned in the transaction, nor did he take any part in the purchase other than furnish the money. Appellant denied the transaction entirely.

There is but one bill of exceptions in which is set out much of a conversation testified to by said witness Kennerly as had with appellant on the night before that of the alleged sale. Part of said conversation consisted of advice given by appellant to them as to what to do in case they were caught with the whisky which he was going to sell them, and part of said conversation set out what appellant would do or had done in such case. The State may prove such conversations as shedding light on the transaction. It was further set out in the bill that appellant in said conversation told witness that he had killed a man in Mexico. No separate objection was made to this testimony. The rule in such cases is that if any part of a whole statement thus objected to in its entirety, be admissible,—the bill will not show error. Morris v. State, 96 Texas Crim. Rep. 605; Dixon v. State, 91 Texas Crim. Rep. 217. The bill is qualified by a statement of the trial judge to the effect that appellant testified, in response to a question propounded by his own counsel, that he had killed a man in Mexico. The bill manifests no error.

The exceptions to the court's charge are without merit. Johnson and Kennerly were not accomplices. Art. 670 P. C. The sale, in contemplation of the criminal law, was to the parties present, to whom the liquor was delivered and by whom it was paid for,—and not to the sheriff who furnished the money. Weldon v. State, 36 Texas Crim. Rep. 34; Bruce v. State, 36 Texas Crim. Rep. 53; Sinclair v. State, 45 Texas Crim. Rep. 487; Northcutt v. State, 35 Texas Crim. Rep. 384.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*