The judgment is reversed, and the cause remanded.

## KELLAR v. STATE.

### No. 13540.

Court of Criminal Appeals of Texas.
Oct. 8, 1930.

on this issue. Under the circumstances, we are not. able to appraise the merits of appellant's contention. This has been so many times decided that we pass it with citation to 4 Tex. Jur., par. 142, where some of the authorities are collated.

Finding no error in the record, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

Tom J. Cunningham, of Eastland, for appellant.

A. A. Dawson, State's Atty., of Canton, for the State.

MARTIN, J.

Offense, the unlawful possession of intoxicating liquor; penalty, three years in the penitentiary.

The state's case was one of circumstantial evidence, and the court so charged. Many incriminating facts and circumstances were testified to by witnesses as having occurred from and including June 29, 1929, to about October 6, 1929. These are regarded as sufficient to support the verdict.

Particular objections appear to the testimony which relates to matters occurring in September and October, 1929, as being too remote, since the indictment alleges the date of the offense as June 29, 1929. The offense charged was a continuous one. The record does not affirmatively show entirely unrelated transactions and offenses, and, if it did, there was no request either for an election between offenses proven or any limitation upon the testimony showing such. In continuous offenses of this character it is admissible on a question of intent to prove different sales of intoxicating liquor where they are sufficiently related in point of time and place. The purpose for which the intoxicating liquor was possessed is made an indispensable element of proof by the statute. Article 666, P. C. The following authorities illustrate the admissibility of the testimony to which objection was made in this case: Jenkins v. State (Tex. Cr. App.) 24 S.W.(2d) 1092; Arnold v. State, 110 Tex. Cr. R. 529, 7 S.W. (2d) 1083, 9 S.W.(2d) 333; Boggus v. State, 111 Tex. Cr. R. 400, 13 S.W.(2d) 109; Overley v. State, 104 Tex. Cr. R. 386, 283 S. W. 796.

Misconduct of the jury is alleged in appellant's motion for new trial and supported by the testimony of one juror, as shown by bill of exception No. 20. The order overruling such motion recites the hearing of evidence thereon and such evidence has not been brought forward in the record, other than what appears in said bill. The record is bare of any showing that this was all the evidence heard by the trial judge. Aside from statements in appellant's brief, we do not know what evidence was before the court