## MARCOS MORENO v. THE STATE.

No. 15389. Delivered November 16, 1932.
Reported in 54 S. W. (2d) 509.

The opinion states the case.

T. H. Miller, of George West, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

It was shown that Guadalupe Garza testified that she purchased from the appellant a bottle of whisky for which she paid him fifty cents, and that upon another occasion she purchased from him a bottle for which she paid him forty cents.

As shown by bill of exception No. 1, the reception of this evidence was opposed upon the assumption that the evidence mentioned showed a different offense from that with which the appellant was charged. It is quite true that the possession of intoxicating liquor is one offense and the sale of it is another offense. However, in a prosecution for the possession of intoxicating liquor for the purpose of sale, evidence of the sale of such liquor is relevant. The contention of the appellant cannot be sustained. See Hood v. State, 111 Texas Crim. Rep., 95, 10 S. W. (2d) 94; Overley v. State, 104 Texas Crim. Rep., 386, 283 S. W., 796; May v. State, 97 Texas Crim. Rep., 284, 260 S. W., 873; Sipanek v. State, 100 Texas Crim. Rep., 489, 272 S. W., 141.

From bill of exception No. 2, as qualified by the judge pre-

siding at the trial, it is understood that Marcos Moreno requested Maria Robles to see Guadalupe Garza and request her not to say that he had sold her liquor because he had not done so, and that Maria Robles, after talking to her, told the appellant that Guadalupe Garza said that she had already reported to the sheriff that the appellant had sold liquor to her, and that she was going to tell it. Apparently, the message sent to Guadalupe Garza by Maria Robles and her report of the reply were transactions which the appellant instigated and which are not denied, and of which it is thought under the facts before this court that the appellant is not in a position to complain.

From bill of exception No. 3, it appears that Guadalupe Garza testified that she bought whisky from the appellant upon two occasions, at one time buying a bottle for which she paid him fifty cents and at another time buying one for which she paid him forty cents.

The law seems well settled to the effect that in a prosecution for the possession of intoxicating liquor for the purpose of sale, proof of sales of whisky made by the accused not too remote from the time of the offense on trial, may be properly received as bearing upon the intent with which the liquor is possessed. On the subject, the authorities cited above are in point.

Perceiving no error in the record justifying a reversal, the judgment is affirmed.

*Affirmed.*