L. H. PURSELLEY V. THE STATE.

No. 21686. Delivered October 29, 1941.

The opinion states the case.

*W. D. Nicholson,* of Jacksboro, for appellant.

Spu*rgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of wine for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.00.

Peace officers, operating under the authority of a search warrant, searched the residence of appellant and found therein eleven quart bottles of wine having an alcoholic content of twenty per cent by volume.

Appellant, testifying as a witness in his own behalf, admitted the ownership and possession of the wine, claiming that it was for medicinal purposes. He denied possessing it for the purpose of sale.

A witness for the State testified that, within a period of fifteen days before the alleged offense, he had purchased some wine of appellant. Not being remote, this testimony was admissible as tending to establish the purpose for which it was alleged that the appellant possessed the wine. Hood v. State, 10 S. W. (2d) 94; 111 Tex. Cr. R. 95; Moreno v. State, 54 S. W. (2d) 509, 122 Tex. Cr. R. 178; State v. McDowell (No. 21685) this day decided. (Page 530 of this volume).

Appellant having admitted the possession and ownership of the wine renders untenable his bills of exception challenging the sufficiency of the search warrant to authorize the search of his residence, under the rule that an accused cannot complain of testimony when he testifies to the same facts. Johnson v. State, 42 S. W. (2d) 421, 118 Tex. Cr. R. 293; Hood v. State, 10 S. W. (2d) 94, 111 Tex. Cr. R. 95.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.