## ROBERT SINGLETON V. THE STATE.

No. 22699. Delivered March 15, 1944.
Rehearing Denied (Without Written Opinion) April 26, 1944.

The opinion states the case.

*Woodard & Field,* of Marshall, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $250.00 on a conviction for transporting liquor in a dry territory.

On March 11, 1943, appellant and two other negroes were in a much dilapidated automobile and were followed along the streets of Marshall, Harrison County, for a distance of some seven or eight blocks. They stopped in front of a house and appellant, the driver of the car, got out and approached the house with three or four bottles of beer. One officer stopped him while another instituted a search of the car and from it he recovered one quart of wine, two one-half pint bottles of whiskey which were in the glove compartment and one gallon of wine on the floor board, together with four bottles of beer which appellant had in his hands. All of this was introduced in evidence over the objection of appellant. This objection, brought forward by bill of exception, is the chief ground upon which a reversal is sought. It will not be necessary to discuss the error involved by the court's ruling because appellant took the witness stand in his own behalf and admitted that he had this quantity of intoxicating liquor. It is not error to prove an admitted fact. See Redinger v. State, 174 S. W. 319. It has frequently been held by this court that where liquor has been seized without search warrant, the error in admitting it in evidence will not call for a reversal of the case where the appellant admits possession of the liquor offered in evidence. The appellant in the instant case denied the ownership of the whiskey but this denial will not suffice as a defense against a charge of unlawful transportation. Whether it belonged to him or another, he was transporting it. We quote from his testimony: "On March 11, 1943, me and two other men went from Marshall, Texas, to Longview, Texas, in my automobile. While we were over there I bought two quarts of beer. That was all I bought. I did not buy any whiskey. I did not buy any wine. That whiskey which they took out of my car did not belong to me. The wine which they took out of my car did not belong to me. I bought two quarts of beer which I did buy for my wife who was sick." See Wilson v. State, **145 S. W.**

(2d) 598; Purselley v. State, 155 S. W. (2d) 378; Texas Digest, Criminal Law, Key No. 1169 (3).

A more troublesome question is presented by appellant's Bill of Exception No. 1. R. T. Muden, a city policeman, testified that he stopped appellant on account of the manner in which Singleton was operating and driving the automobile; that the car was wobbling and further, "because of the manner in which he was driving," adding, "I had shook him down a night or two before." The bill of exception says that objection was made to the statement "I had shook him down a night or two before" because it was not relevant and was inflammatory and prejudicial. The court sustained this objection and instructed the jury not to consider the statement so made for any purpose. If the statement is subject to the objection lodged against it, that is, if it be "inflammatory" or "prejudicial," the effect of the court's ruling in sustaining the objection and withdrawing it from the jury must be determined by the record. Whether or not the court construed it as "irrelevant" or "inflammatory" or "prejudicial" does not appear from the record and neither are we in position to determine the extent of its inflammatory nature or the prejudice which it might have created from all of the facts before us. It is perfectly clear that it was not relevant and that ruling was proper. It is not within the power of this court to say that the statement "I had shook him down a night or two before," unexplained as it is, constitutes such a prejudicial and inflammatory statement that the error could not be removed by the court's instruction. In order to so conclude, we would be forced to speculate as to what the policeman meant and we find in the record no basis for any conclusion which would rise above the force of mere speculation. See Patternson v. State, 147 S. W. (2d) 784. Like many questions, the force of this expression will depend upon the idea conveyed to the jury's minds by reason of it and this court is unable to read into the record more than that which a reasonable interpretation of it will reflect. If the phase carried a specific meaning because of local usage, generally understood, the record does not so reflect.

The judgment of the trial court is affirmed.