J. H. DODD v. THE STATE.

No. 23307. Delivered April 17, 1946.

. The opinion states the case.

*C. C. McKinney,* of Cooper, for appellant.

. *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful possession of whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $500.00 enhanced by reason of a prior conviction for an offense of like nature.

Appellant's farm was situated on what is known as the "County-Line Road," which road is a boundary line between Delta and Hunt Counties. His residence was located on a sixty-acre tract in Delta County; his twenty-eight acre pasture lay immediately across the road in Hunt County. Each of the counties was a dry area, within the meaning of the Liquor Control Act.

The officers made a search of appellant's residence and, as a result, found therein two empty pint bottles which had recently contained whisky. In a cotton field adjoining the twenty-eight acre pasture, there was found, partly hidden with dirt and under

a cotton stalk, a pint of whisky. In a cane patch adjoining the cotton field, there was found a sack containing eleven pints of whisky. The place where the one pint was found in the cotton field, although in Hunt County, was within four hundred yards of the Delta County line; the place where the eleven pints of whisky were found in the cane patch was more than four hundred yards from the Delta County line. Neither the cotton field nor cane patch belonged to or was under the control of the appellant. No whisky was found in appellant's physical possession or upon premises under his control.

It is for the possession of the one pint of whisky found in the cotton field that the State ultimately relies to support this conviction, inasmuch as the eleven pints of whisky found in the cane patch were in Hunt County and more than four hundred yards from the Delta County line. To show appellant's possession of that pint of whisky, the State relies mainly upon tracks— automobile and foot.

After the officers had completed the search of appellant's residence and premises, some of the officers crossed the road to the twenty-eight acre pasture. There they found where an automobile had entered through a gate. They were able to trace the tracks thereof across the pasture to the cotton field. There the car stopped. Foot-tracks made by some person wearing boots or boot-slippers were then found which were traced to the point where the one pint of whisky was found. These same boot-tracks were then traced into the cane patch and to where the eleven pints of whisky were found, and then traced back to the car. The car-tracks were followed back across the pasture to the original point of entry.

To show that appellant was the driver of the automobile that made these tracks, there was testimony that the "tracks were identical with the tread on the four tires on the defendant's car." To show that appellant was the maker of the boot-tracks, the proof showed that the appellant usually wore boots and that the tracks so found were of the same type, size, shape, and general appearance as the boots customarily worn by appellant and as those which he was wearing on the day he made bail bond under this accusation and as those he was wearing on the day of and during trial of this case.

In addition to the tracks, there was testimony showing that: (1) no other or additional tracks were found leading to or in

the vicinity of the whisky than those described; (2) the whisky so found was of the same brand as that of the two empty pint bottles found in appellant's residence.

Reduced, then, to its final analysis, the State's case depends upon establishment of the fact that the appellant made the boot-tracks.

It will be noted that the testimony as to the similarity of the tracks with the boots worn by appellant was of a general nature only; no specific or special identifying characteristics between the tracks and boots were shown. No plaster cast was made of the tracks, nor was there an attempt to fit appellant's boots into the tracks, or a comparison made on the ground.

It has long been the established rule that where the identity of the accused as the person committing the crime charged depends upon tracks or footprints, the evidence must be so full and convincing as to leave no reasonable doubt, in determining which great strictness will be required in the testimony. The latest expression of this court attesting the rule will be found in Thomas v. State, 189 S. W. (2d) 621, where the supporting authorities are cited. Let it be understood that mere similarity of tracks, standing alone, is not sufficient to connect one with the commission of crime.

The conclusion is reached that the testimony here presented fails to meet the strictness required in the rule stated. It follows, therefore, that the facts are insufficient to show possession by appellant of whisky in a dry area, prosecutable under the instant information in Delta County.

Such conclusion renders unnecessary a discussion of the evidence relied upon to show the purpose for which it was alleged that appellant possessed whisky.

In view of another trial, however, the conclusion is expressed that—under the facts here presented—the proof of appellant's prior convictions for selling whisky in a dry area was admissible. Moreno v. State, 122 Tex. Cr. R. 178, 54 S. W. (2d) 509; Brooks v. State, 138 Tex. Cr. R. 526, 137 S. W. (2d) 768.

The judgment of conviction is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.