## W. M. COSTON V. STATE

No. 27,937. February 1, 1956.

State's Motion for Rehearing Denied (Without Written Opinion) March 21, 1956.

*Florence & Florence,* by *G. L. Florence,* Gilmer, for appellant.

*James L. Hartsfield,* County Attorney, *Howard C. Douglas,* Assistant County Attorney, Quitman, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, two years.

This is the second appeal in this case. In our prior opinion (Coston v. State, 160 Tex. Cr. Rep. 159, 268 S. W. 2d 180), we expressed doubt as to the sufficiency of the evidence to corroborate the testimony of the accomplice. The case now before us is far weaker than on the prior appeal.

The state was handicapped by having to make out its case by a recanting accomplice witness who had a long history of felony convictions. When he testified on direct examination he made out a case against the appellant as a principal to the breaking and entering the prosecutor's building. Later on in the trial, he was recalled to the stand and repudiated a great portion of his former testimony and testified that the appellant did not

come to Winnsboro with him "to break open the store" and received none of the fruits of the burglary. The only incriminating testimony of the accomplice witness that remained after he finished recanting was that the appellant came from Dallas with him, waited in the automobile while he (the accomplice witness) entered the building, and later drove him back to Dallas with the stolen property. None of the stolen property was ever traced to the appellant.

We must now determine whether this testimony which remained was sufficiently corroborated.

The accomplice witness's wife testified that the appellant and her husband were together when they went downstairs in her home in Dallas on the night in question, saying that they were going to get some tools, and that she saw them again the next morning. She refused to corroborate his testimony about the bacon, cigarettes, and canned goods which he said he brought home from the burglarized premises. She did say that a number of days after the burglary she found some socks in one of her drawers at home, but she was unable to describe them with any degree of certainty so as to make them correspond with the meager description given by the injured party.

The state relies for corroboration upon evidence as to tracks. This evidence might be utilized to corroborate the accomplice's original testimony that appellant assisted in carrying the stolen goods from the building and thus connect the appellant with the commission of the burglary, but cannot serve to corroborate the accomplice's final testimony, which was that the appellant did not get out of the automobile at the scene of the burglary.

Sheriff Robinson testified that he found the tracks of two men leading to the site of the burglary, that the right foot of the smaller pair of tracks made an indentation which would indicate that the right shoe had a brace or tip on the toe. He further testified that some fifteen days later he saw the appellant in jail at Rusk and that the appellant's right shoe had a brace or tip on the toe.

We note in passing that the owner of the burglarized premises testified that the distinguishing mark was on the heel rather than the toe.

All that is left, therefore, that actually corroborates the ac-

complice's testimony is the testimony of his wife, which clearly is not sufficient.

The writer commends the able county attorney for his diligent efforts in the trial court and before this court in brief and oral argument.

The judgment is reversed and the cause remanded.