## BURT HARRIS V. STATE

No. 28,450. October 17, 1956.

*Scarborough, Yates, Scarborough & Black,* by *Larry Scarborough,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for violating the liquor laws, with punishment assessed at a fine of $700 and six months in jail.

Under and by authority of a search warrant, agents of the Texas Liquor Control Board, together with the sheriff, searched the private residence of appellant for intoxicating liquor. The search revealed only two empty pint bottles, which had been

used as whisky containers. Appellant was in the residence during the search.

While the search of the residence was in progress, one of the liquor control agents searched the surrounding areas. From his testimony, we quote:

"While I was out there searching, *I noticed some fresh trails leading from the house out through a wooded area, and I began following these trails. I followed them up to a road, which was approximately 200 yards from the house,* and I wasn't able to find anything the first time. I went back to the house and I started out again and started up another trail, that is trails leading west of the house, and they led over to a road, and the second time I didn't find anything, and then the third time I started out as a separate trail, which trail from the house led up to this fence; *so I crossed the road and began looking in the borrow ditches on the other side of the road.* As I remember, by that time Sheriff Ed Powell was with me, and he walked on across the road, out into the field, and, as I remember, stomped *the weeds and the bushes in this ditch and uncovered some whiskey;* as I was searching in this grassy section and the borrow ditch that was across the road from the trails that led up to this fence, I found some whiskey and some wine and gin." (Emphasis, supplied.)

It is for the possession of the wine, whiskey, and gin so found that the appellant has been here convicted.

The sufficiency of the evidence to sustain the conviction is here challenged.

To connect appellant with the possession of the liquors so found, the state relies upon proof of the fact that tracks made by the appellant led from his home, some two hundred yards away, to the fence separating the road and the premises.

There was testimony that similar tracks were found within something like five to ten feet from where the liquors were found. The tracks were identified as having been made by appellant, by reason of the shoes he was wearing and which the officers took from his feet after the tracks had been discovered. The identifying characteristic of the tracks and the shoes was by reason of a rubber heel made by a certain well known manufacturer. By reason of this, as well as the size of the tracks,

the officers expressed the opinion that the tracks so found had been made by the appellant.

The liquors were found hidden in or covered with brush in a ditch along a well traveled hard surfaced public road and on the opposite side of the road from the premises occupied by the appellant as his residence. To reach the liquors from appellant's premises it was necessary to cross the road. No tracks were found crossing the road from appellant's premises.

It was shown that another person lived nearer than did the appellant, and on the same side of the road, to the place where the liquors were found.

There appears to have been no investigation as to the tracks leading from the liquors to this other and nearer residence, nor was there any effort made to overcome any outstanding hypothesis that the liquors could have been possessed by others. There was no evidence that tended to show that the possession by appellant was exclusive.

Reduced to its final analysis, then, appellant's guilt is made to depend upon the fact that his footprints or tracks were found leading to and in the vicinity of the liquors which were hidden from view upon and along a public highway.

It has long been the established rule of law that, ordinarily, identity of an accused may not be established by tracks alone. Ennox v. State, 130 Tex. Cr. R. 328, 94 S.W. 2d 473; Powell v. State, 100 Tex. Cr. R. 43, 271 S.W. 913; Gilbreath v. State, 158 Tex. Cr. R. 616, 259 S.W. 2d 223.

The facts in the case of Dodd v. State, 149 Tex. Cr. R. 278, 193 S.W. 2d 819, where the above rule was applied, which have a striking similarity to the instant facts, were held to be insufficient to sustain the conviction.

Believing the evidence insufficient to support the conviction, the judgment is reversed and the cause is remanded.