**178**

**Dearl M. FLOWERS, Mack R. Bolin and Glen E. Phifer, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 40179.**

Court of Criminal Appeals of Texas.

May 3, 1967.

Rehearing Denied June 7, 1967.

———◆———

John H. (Buddy) Rogers, Odessa, Murray J. Howze, Monahans, for appellants.

Jack Tidwell, Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The record has now been perfected, and our original opinion dismissing this appeal is withdrawn.

The offense is felony theft; the punishment assessed by the jury against each of the three defendants is two years in the Department of Corrections.

In their brief filed in the trial court appellants contend that the court erred in failing to grant their motion for an instructed verdict of not guilty "after presentation of the State's case in chief." The evidence as a whole will be considered. Cross v. State, 100 Tex.Cr.R. 88, 271 S.W. 621, and Lopez v. State, 172 Tex. Cr.R. 317, 356 S.W.2d 674.

Deputy Sheriffs Kevil and DePriest testified that at 1:00 a. m. on the night in question while on patrol west of Odessa they observed the lights of a motor vehicle ignite in a pasture some distance from the road and proceed toward the highway upon which they were traveling. This alerted the officers, and they turned around and pursued the vehicle which they were able to identify as a pickup truck. After following the pickup for some distance, it made an unlawful U-turn, and they then turned on the red light on the patrol car and finally brought the pickup to a halt approximately the same place where they had seen it leave the unfenced pasture and enter the highway. After the pickup was halted, the driver, who is appellant Flowers, ran for a distance toward a nearby railroad before warning shots fired by one of the officers brought him to a halt. The three occupants of the pickup were placed under arrest, one for failure to have a valid driver's license, one for allowing an unlicensed operator to drive his motor vehicle, and the third for being

drunk. After taking the three to jail, the arresting officers returned to the scene where they had seen the motor vehicle turn on its lights and some one hundred yards from that point they found that certain telephone wires had been cut and observed tire markings immediately adjacent thereto, as well as shoe tracks.

Early the next morning another group of officers came on duty and began investigating the source of 750 pounds of telephone wire which were found in back of the pickup. The right shoe or boot was taken from each of the appellants and carried to the scene of the missing telephone wires where photographs were made of each shoe and the imprint it had left and which the officers said were identical. Photographs were also taken of the tire tracks left at the scene of the theft, and the officers said they resembled the tread of a tire on the pickup.

It was shown by the testimony of the person in charge of the telephone lines that the wires were intact at the point involved in this prosecution on the day preceding the night in question, but that the wires were missing when he went to the scene in answer to the Sheriff's call the next morning.

Appellant Bolin, testifying in his own defense, stated that he was a tree surgeon and had worked the day preceding their arrest with appellants Flowers and Phifer at a point some distance from the city of Odessa. He stated that at the end of their day's labors he left the place where they had been working in his pickup with appellant Flowers, that appellant Phifer traveled with someone else to Odessa, and that en route, he and Flowers stopped to help a man in a stalled truck and wound up buying the wire in question from him for $150.00. He stated that he had not seen this man before and had been unable to locate him since. He stated that he and Flowers met Phifer at a tavern in Odessa, and the three spent the evening drinking in several taverns and were riding around when apprehended by the officers. He denied that they had come upon the highway from the pasture or that he had partici-

pated in the cutting of the wire from the telephone poles. He eliminated any discussion in this opinion as to the proof of value of the wire because of his admission that he thought the wire was worth the $150.00 he had allegedly paid for it. He further admitted that he had made no demand for the return of the wire when he was released after paying the misdemeanor traffic fine.

Appellant Phifer testified that he saw the wire in the back of Bolin's pickup, but knew nothing of when or where it had been acquired.

Both appellants who testified admitted that appellant Flowers had fled on foot after the pickup was brought to a halt by the officers.

■ The jury chose to reject appellants' testimony, and we find the evidence sufficient to support the jury's finding of guilt under a circumstantial evidence charge.

■ Appellant's next ground of error is the admission of the pictures of the shoes and boots and their matching prints in the earth at the scene of the missing wire. We have concluded that two cases by this Court and the annotation which appears in 35 A.L.R.2d 856, dispose of this ground of error. In Chase v. State, 97 Tex.Cr.R. 349, 261 S.W. 574, this Court said:

> "That the shoes of appellant were taken from the jail without his consent and fitted in tracks connected with the crime which form links in a chain of circumstances, and found to correspond with the tracks, and these facts were offered in evidence, would not be objectionable on the ground that this compelled him to give evidence against himself."

This rule of admissibility of evidence concerning fitting the accused's shoes into tracks found at the scene of the crime was again established in Landry v. State, 117 Tex.Cr.R. 396, 35 S.W.2d 433.

We are not impressed with the distinction sought to be made in the case at bar because

appellants were being held on misdemeanor charges at the time the theft investigation was begun, and officers took their footwear in the course of such investigation.

Appellants' last ground of error relates to a ruling of the court to which no objection was made.

Finding no reversible error, the judgment is affirmed.