Francisco Ruben **RESENDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46359.

Court of Criminal Appeals of Texas.

June 27, 1973.

Kenneth L. King, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Gary B. Weiser, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. Punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., was assessed at life.

This is a circumstantial evidence case.

Appellant contends the evidence is insufficient. We hold that the evidence is insufficient and reverse the conviction.

Sometime during the night of September 15, 1971, the office of Dr. Robert Haan was burglarized. A safe containing drugs, bonds, other papers and cash was taken.

An initial investigation by Officer Brice Petry of the El Paso police department revealed that entrance had been obtained by prying the front door open. Scratch marks on the floor as well as the jammed rear door indicated that the safe had been removed through the rear door. Detective Albert Jones testified that during his investigation he found shoe prints in the sand outside the office indicating that it was a fine ripple sole walking up and then walking back. He further testified that later that day he and Lt. Samaniego went to a public dump ground in the desert area east of El Paso. The contents of the safe were found in a cardboard box some sixty yards from where Dr. Haan's safe was also found. Footprints similar to those found at the scene of the burglary were found leading from the safe to the cardboard box containing the stolen property. Detective Jones and Lt. Samaniego placed the box and its contents in their truck and, using a brush, erased all their footprints. The two officers left the area to seek assistance from the sheriff's department. Upon their return to the area, appellant

was observed standing in front of a blue 1961 Ford, approximately 150 yards from where they had previously spotted Dr. Haan's safe. Lt. Samaniego, after telling appellant to be seated in his car, noticed several fresh tracks made by a ripple sole leading from the driver's side of appellant's car towards the area where the safe was found. He testified that he followed the fresh prints which led directly from the road into the desert where the safe was located, then some sixty yards to where the box containing the stolen property had been found and back again to the safe. The safe, which was uncovered when the officers first found it, had been covered with a large cardboard box. Lt. Samaniego also found a stock certificate belonging to Dr. Haan lying on the road. The certificate was lying on a tire track made by appellant's car and it had not been run over by the vehicle. This stock certificate had not been found during the officers' previous visit to the area. One officer testified that the wind was not blowing. Both Detective Jones and Lt. Samaniego testified that the prints were identical to those found outside Dr. Haan's office.

When the sufficiency of the evidence is challenged, this Court is required to view the evidence in the light most favorable to the verdict. Pogue v. State, Tex.Cr.App., 474 S.W.2d 492; Jones v. State, Tex.Cr.App., 442 S.W.2d 698.

The State relies on the rule that the unexplained possession of property recently stolen is a sufficient circumstance to authorize a jury to convict for the theft of property. Dominguez v. State, Tex.Cr.App., 461 S.W.2d 417; 5 Branch's Ann.P.C.2d, Sections 2650 and 2651.

The stolen articles were found on public property not under the control of the appellant. The tracks were not measured or photographed. No casts were made nor were the shoes fitted into the tracks.

The most incriminating circumstance to connect the appellant with the

**936**

stolen property is the tracks located at the burglarized building and in the sand where the safe was found. "Proof of similar tracks and of the suspicions and opinions of the prosecuting witness is not sufficient to exclude every other reasonable hypothesis except that of defendant's guilt." 1 Branch's Ann.P.C.2d, Section 166, page 169. See the cases cited in that section. The tracks and other circumstances do not exclude other reasonable hypothesis except that of appellant's guilt.

For the reasons stated, the judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

I am astounded that I should feel impelled to dissent to such an opinion prepared by my brother Douglas. I do, however, feel that the facts before us here are more nearly akin to those before this Court in Flowers v. State, Tex.Cr.App., 415 S. W.2d 178, which was affirmed almost entirely on tracks. Cf. Coston v. State, 162 Tex.Cr.R. 548, 287 S.W.2d 671; Harris v. State, 163 Tex.Cr.R. 519, 294 S.W.2d 123.

I must, therefore, dissent to the reversal of this conviction.