**Jimmy Earl CASEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59374.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 8, 1980.

Jimmy B. Wright, Tahoka, for appellant.

Joe Smith, Dist. Atty., and Ricky Smith, Asst. Dist. Atty., Seminole, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary. The jury assessed punishment at twenty years.

Casel challenges the sufficiency of the evidence. Gene Heald, the general manager of the car dealership alleged to have been burglarized, testified that on January 24, 1978 he discovered that someone had broken into their building. The burglars had climbed through a window near one of the mechanic's bays and then proceeded to the general manager's office. In doing so, they stepped in a puddle of grease and oil and left footprints across the concrete floor. Heald testified that one could make out the letters "S" and "A" in the imprint left by the shoe soles of the burglar. He stated that footprints were found outside the building that matched those found inside. Officer Green of the Lamesa Police Depart-

ment testified that when he arrested Casel he noticed that Casel's shoes had the letters "GASS" stamped on the soles. Officer Vera of the Lamesa Police Department testified that he noticed the imprint "GASS" on the grease stains left in the building. He also stated that he had made some plaster casts of the footprint found outside and compared them to Casel's shoe. He stated that the shoe that had made the print was similar to that owned by the appellant.

Although the State contends that direct evidence of appellant's guilt has been offered, the record discloses that the only evidence connecting appellant with the burglary involves a comparison of footprints found at the scene of the offense and the shoes worn by appellant when he was detained for questioning. This Court has long held that "[w]here the identity of the accused as the person committing the crime charged depends upon tracks or footprints, the evidence must be so full and convincing as to leave no reasonable doubt, in determining which great strictness will be required in the testimony." *Thomas v. State*, 189 S.W.2d 621, 625 (Tex.Cr.App.1945). See 35 A.L.R.2d 856 (1954).

Officer Vera conceded that the prints upon which he based his opinion as to the identity of appellant could have been made by any shoes of the same size and style as appellant's. His statement aptly illustrates the basis of this Court's requirement that there be more than a general similarity between footprints and shoes in cases were footprints are the only evidence connecting the wearer of the shoes with an offense. There must be such special characteristics or peculiarities in both the footprints and the shoes as would authorize the conclusion that the footprints could have been made only by the shoes in question. "Proof of similar tracks and of the suspicions and opinions of the prosecuting witness is not sufficient to exclude every other reasonable hypothesis except that of defendant's guilt." *Resendez v. State*, 495 S.W.2d 934, 936 (Tex.Cr.App.1973). See 1 Branch's Ann.P.C.2d, Section 166, page 169.

The evidence is insufficient to sustain the conviction and the judgment is reversed with instructions to enter a judgment of acquittal.