**Dominic Deshawn GASTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–09–00426–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 2, 2010.

Terence C. Norman, Pearland, for appellant.

Jeri Yenne, David Bosserman, Angleton, for appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

In this appeal, we examine the sufficiency of corroborating evidence under the accomplice-witness rule. Because the evidence does not tend to connect the accused to the charged offense, we reverse and render judgment of acquittal.

## BACKGROUND

Appellant Dominic Deshawn Gaston was charged in the robberies of two Angleton convenience stores in February 2008. The first robbery occurred on February 3 at the T & M Grocery; the second on February 17 at the E–Z Food Mart. Video surveillance from both stores depicts a single masked individual, fully dressed in black. Clerks from neither store were able to identify the offender. The only relevant information they could provide was that a small gun was used in the commission of the first robbery and that approximately two thousand dollars was taken in the second.

At trial, Steven Ray Hall testified against appellant as an accomplice witness. According to Hall, he and appellant coordinated both robberies together. Hall said that when he met appellant in an alleyway behind the T & M Grocery, appellant was carrying a .38–caliber black revolver and wearing a dark black wind suit, skull cap, and do-rag. The two agreed that appellant would rob the store alone while Hall waited in a car with another individual. Hall further testified that he assisted appellant two weeks later by driving him to

the E–Z Food Mart in his sister's car. Hall parked the car at an apartment complex down the road while appellant committed the robbery by himself, dressed entirely in black, just as before. When appellant returned, Hall claimed that appellant had stolen at least four hundred dollars in cash.

The jury was instructed that Hall was an accomplice witness, and therefore appellant could not be convicted on the basis of his testimony without further corroborating evidence. The State relied principally upon the testimony of two non-accomplice witnesses for that corroboration. Lavetta Williams testified that she purchased a small gun from appellant in February 2008. Though the gun was not available at trial for comparison, Williams testified that it resembled the revolver that was displayed in the surveillance footage of the T & M Grocery robbery.[1]

Crystal Nelson testified that Hall and appellant attended her backyard barbecue on the day of the E–Z Food Mart robbery. Nelson is Hall's sister, and appellant is a family friend they have known for years. Sometime in the late afternoon, Nelson claimed that Hall and appellant borrowed her car. She did not know where they went, nor could she recall how long they were gone. Nelson testified that she always charged for the loan of her car, and

when the two men returned, appellant paid her $65 in five-dollar bills from a large "wad of cash." She did not know if appellant had any money before he borrowed her car, and she could not confirm whether he was currently employed.[2]

The jury convicted appellant for the robbery of the E–Z Food Mart, but acquitted him of the aggravated robbery of the T & M Grocery. Punishment was assessed at fifteen years' confinement and a fine of five thousand dollars. In his first of five issues, appellant argues that the evidence does not sufficiently corroborate the testimony of the accomplice witness. We agree.

## DISCUSSION

 The accomplice-witness rule provides that a "conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Tex.Code Crim. Proc. art. 38.14 (Vernon 2005). The rule derives not from federal or state constitutional principles, but rather from the legislative determination that accomplice testimony must be taken with a degree of caution. *Nolley v. State*, 5 S.W.3d 850, 852–53 (Tex. App.-Houston [14th Dist.] 1999, no pet.).

---

1. The prosecutor mistakenly referred to this footage as Exhibit No. 8, which is instead the surveillance video for the E–Z Food Mart robbery. In its brief, the State concedes that Williams was actually viewing Exhibit No. 5, which is the video from the T & M Grocery.

2. The record is unclear as to whether Nelson knew appellant to be unemployed or whether she lacked personal knowledge of his employment:

 Prosecutor: And had you known him to be employed during that time period when—
 Counsel: Objection. Witness has no personal knowledge as to the Defendant's state of employment.

The Court: Well, I don't know if she does or she doesn't. She may answer if she has personal knowledge.
Nelson: Not to my knowledge.
The Court: There you go.
Prosecutor: Not to your knowledge that he was employed or not?
Nelson: Right.
Prosecutor: Okay. So, in other words, as far as you knew, he didn't have a job?
Counsel: Objection. That's leading.
The Court: Sustained.

The underlying rationale is that the accomplice is a corrupt source who may well have improper incentives when testifying against the accused—e.g., to redirect blame or to gain favor with the state in exchange for a reduced punishment. *Wincott v. State*, 59 S.W.3d 691, 698 (Tex.App.-Austin 2001, pet. ref'd). For these reasons, an accomplice witness is a "discredited witness," and regardless of how completely the accomplice may outline the facts of a case, the jury may not convict the accused without additional corroborating evidence. *Walker v. State*, 615 S.W.2d 728, 731 (Tex.Crim.App.1981).

■■■ When determining the sufficiency of corroborating evidence, we eliminate the testimony of the accomplice and examine whether the remaining evidence tends to connect the accused to the charged offense. *Knox v. State*, 934 S.W.2d 678, 686 (Tex.Crim.App.1996). Corroboration may rest on direct or circumstantial evidence. *Munoz v. State*, 853 S.W.2d 558, 559 (Tex. Crim.App.1993). Standing alone, it need not establish the guilt of the accused. *Cox v. State*, 830 S.W.2d 609, 611 (Tex.Crim. App.1992). Nevertheless, the corroboration must "tend to connect" the accused to the commission of the offense; if it does no more than point the finger of suspicion at him, then we must reverse. *Paulus v. State*, 633 S.W.2d 827, 844 (Tex.Crim.App. 1981).

■■■ We conclude that the evidence is insufficient to corroborate appellant's involvement in the robbery. Crystal Nelson supplied the only non-accomplice evidence in support of appellant's conviction, and the sum of her testimony is that (1) she witnessed the accomplice and appellant together on the afternoon of the robbery; (2) she loaned them her car; and (3) when they returned after an unspecified length of time, appellant had a "wad" of five-dollar bills, from which he paid her for the use of her car. We recognize that testimony placing appellant in the company of the accomplice near the time of the offense may be considered as corroborating evidence, but evidence of guilt by association will not satisfy article 38.14 by itself. *Nolley*, 5 S.W.3d at 854–55; *see Coston v. State*, 162 Tex.Crim. 548, 287 S.W.2d 671, 672 (1956). What remains of Nelson's testimony is likewise insufficient because it merely creates a suspicion of guilt without tending to connect appellant to the actual robbery.

Nelson gave no indication as to the purpose, destination, or duration of appellant's trip. Though she remembered lending her car in the late afternoon, she could not specify any window of time that might link appellant's period of absence to the commission of the robbery.[3] Her only remotely inculpatory testimony was that appellant paid her from a roll of five-dollar bills, but we fail to see how that provides sufficient corroboration. Nelson admitted that she did not know whether appellant had any money when he first arrived at her barbecue. Except for the thirteen five-dollar bills she personally received, Nelson could not quantify how much money remained in appellant's "wad of cash." Accordingly, the record does not reflect how much money appellant had overall, or whether it would substantiate the clerk's claim of two thousand dollars stolen or Hall's observation of at least four hundred dollars.

The State would have us believe that appellant's sighting with a "wad of cash" still provides sufficient corroboration because, under *Cockrum v. State*, possession

---

3. The time of the offense was never elicited through witness testimony. The timestamp on the surveillance footage, if accurate, would show that the robbery of the E–Z Food Mart was committed just after 6:30 p.m.

of a large amount of money after a robbery by one who is unemployed is proper corroborating evidence. 758 S.W.2d 577 (Tex.Crim.App.1988). Even if appellant were actually unemployed—and we note that Nelson's testimony is less than clear on this point—we would have to disagree, as *Cockrum* was decided on strikingly different facts.

Cockrum was arrested on charges of murder and aggravated robbery with over one thousand dollars on his person, and the non-accomplice witness testified that she had personal knowledge that Cockrum "was unemployed and had not had any money a few days before." *Id.* at 580. By contrast, the evidence against appellant never revealed the quantity of cash in his actual possession (except for a minimum of $65). Nor did it establish that appellant lacked money before Nelson's barbecue, or, for that matter, whether he possessed it after the robbery's commission. Accordingly, the evidence does not similarly suggest that appellant's money was the fruit of an offense. *Cf. id.* at 582. Moreover, the court found that Cockrum's cash was only one of several factors that tended to connect him to the charged offenses. For example, the evidence showed that Cockrum listened intently to a police scanner after the commission of the crime; he buried a gun consistent with the type used in the murder; and finally, he fled to another state, checking into a motel under an assumed name. *Id.* at 581–82. Given this additional corroborating evidence, the State's construction of *Cockrum* is incomplete. Indeed, we cannot accept, under the cited authority, that appellant's possible unemployment and an indeterminate number of five-dollar bills are sufficient to corroborate his involvement in this robbery.

■ We emphasize that article 38.14 does not require the non-accomplice witness to specify in certain terms any amount of money that may have been seen in order to corroborate the testimony of a robbery accomplice. *See, e.g., Killough v. State,* 718 S.W.2d 708, 710 (Tex.Crim.App. 1986). Instead, the facts and circumstances must tend to connect the accused to the offense, and the mere possession of a "wad of cash," *without more,* will not suffice.

The meager evidence in this case stands in contrast, for example, to the corroborating evidence discussed in *Killough.* In that case, evidence regarding the defendant's possession of a "wad of money" after a robbery was supplemented with additional evidence corroborating the accomplice's testimony "at nearly every point except during the offense itself." *Id.* at 711–12. The accomplice testified that he and Killough robbed a bar while a third man waited outside in a getaway truck. *Id.* at 709. A patron from the bar testified that he followed them in his pickup after the two robbers left. *Id.* at 710–11. The patron collided with the truck head-on in a cul-de-sac and saw three men flee thereafter. *Id.* at 711. The truck was eventually linked to a lease application signed by Killough's wife. *Id.* at 710. After the accident, Killough told his wife that he was involved in a head-on collision. *Id.* at 711. He sustained injuries compatible with such an accident, and sought treatment for those injuries under a false name. *Id.* at 711–12. A day after the robbery, Killough was also seen displaying " 'a wad of money out of his pocket,' but [the non-accomplice witness] didn't know how much money it was." *Id.* at 710. The court determined that it was a "rational inference that even if appellant was not one of the robbers inside the Z–Bar he was the third man waiting in the truck outside." *Id.* at 712. The record before us lacks comparable corroborating evidence.

■ The State still offers two other grounds of corroboration, but each is unpersuasive. The State first contends that the surveillance footage sufficiently corroborates Hall's testimony because the jury was able to compare the appellant's physique to the figure in the video. As mentioned before, the video depicts a masked offender, fully concealed under black clothing. Except for the black skin on his neck, the video does not reveal any distinguishing marks or characteristics of the offender. Under the circumstances, a general silhouette in a video is insufficient to connect appellant to the robbery. *See Fernandez v. State*, 989 S.W.2d 781, 786 (Tex. App.-San Antonio 1998, pet. ref'd) (corroboration insufficient where vague description of body type could match "hundreds or thousands of other men in the area").

■ The State finally contends that Lavetta Williams corroborated the accomplice witness through her testimony that she purchased a gun from appellant that resembled the same revolver used in the robbery of the T & M Grocery. But appellant stands convicted for robbing the E-Z Food Mart, not the T & M Grocery. The State insists, nonetheless, that an acquittal does not bar consideration of such corroborating evidence because article 38.14 requires a lower burden of proof than a finding of guilt. *Cf. Moreno v. State*, 22 S.W.3d 482, 488 (Tex.Crim.App. 1999) (recognizing that because probation is revoked on just a preponderance of the evidence, a court could consider evidence of another crime for which the jury did not find the defendant guilty beyond a reasonable doubt). The problem, however, is not the quantum of proof, but the direction of the evidence. Williams's testimony may properly corroborate appellant's involvement in the robbery of the T & M Grocery, but in no way does it "tend to connect" him to the conviction under appeal. The rec-

ord shows that no weapon was used during the robbery of the E-Z Food Mart, and the State did not elicit any further testimony from Williams regarding that robbery. Accordingly, we do not factor her statements into our analysis.

■ The law is well-established that the "mere presence of the accused in company with the accomplice witness shortly before or after the time of the offense is not, in itself, sufficient corroboration." *Harris v. State*, 738 S.W.2d 207, 218 (Tex. Crim.App.1986). However, with the testimony from Hall excluded, that is the extent of the record before us. Although appellant had a large number of five-dollar bills, there was no evidence as to whether he had the money before the robbery, after the robbery, or both. No physical evidence was collected, nor was Nelson's car ever spotted near the scene of the crime. Even if appellant were also unemployed, the evidence, at most, raises a suspicion of guilt, and even "a strong suspicion or probability of appellant's guilt" is insufficient where the corroborating evidence does not tend to connect the appellant to the charged offense. *Umsted v. State*, 435 S.W.2d 156, 158 (Tex.Crim.App. 1968); *e.g., Wincott*, 59 S.W.3d at 699–703 (worried behavior of appellant after arrest of accomplice and written correspondence referencing "the crimes" insufficient to corroborate appellant's involvement in series of armed robberies). Because we conclude that the evidence does not satisfy article 38.14, we must reverse the conviction and render judgment of acquittal.