

# NUMBER 13-11-00794-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LEONARD RUBEN GARCIA,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez, and Justices Benavides and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Leonard Ruben Garcia appeals his convictions of two counts of aggravated assault with a firearm, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02 (West 2011), and two counts of organized crime, a first-degree felony, *see id.* § 71.02 (West Supp. 2011). The jury found appellant guilty of all four counts and assessed punishment at eighteen years' confinement in the Texas Department of

Criminal Justice, Institutional Division, for each of the aggravated assault counts, and sixty years' confinement for each of the organized-crime counts. The trial court ordered the sentences to run concurrently. By three issues, which we construe as four, appellant argues (1) the evidence is insufficient to corroborate the accomplice testimony; (2) the evidence is insufficient to support his conviction; (3) there is no accomplice witness instruction in the jury charge; and (4) the language found in each of the application paragraphs of the jury charge was improper. We affirm, as modified.

## I. BACKGROUND[1]

Steven Rivera was shot while he was outside of his mother's house in Taft, Texas. A neighbor from across the street, Raymond Lopez III, testified that "about three" SUVs arrived, "five, maybe six" individuals exited the vehicles, and shots were fired. Lopez observed one of the shooters had "a nickel[-]plated gun."

Rivera testified he was shot once in the back and twice in the elbow. While he was in the ambulance, he told Taft Police Officer Jeremiah Smith the names of several individuals who were responsible for the shooting, including appellant. He further testified that co-defendant Joe David Luna shot him in the back and that appellant then chased him with a handgun and shot him twice in the elbow. Rivera showed his injured elbow to the jury.

Officer Smith testified that the individuals which appellant named as shooters were all members of the criminal street gang, La Raza Unida, and that Rivera was a former member. Rivera confirmed that he had been a prospect for the gang, but that he

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

stopped associating with it because he "no longer wanted to carry out their orders." Investigator Isaac Leal of the San Patricio County Sheriff's Office testified as an expert on street gangs, and he confirmed that Rivera had been a prospect for La Raza Unida and that appellant was a member with the "rank of carnal." Investigator David Wood of the San Patricio County Sheriff's Office also claimed appellant was a member of La Raza Unida.

Jose Jimenez testified he was one of the shooters. He explained that he and appellant had been members of La Raza Unida and that Rivera "was an ex-prospect and he was selling drugs in town and he had already been confronted about paying taxes to the—to the gang and he refused to do so, so there was problems [sic] with him."[2] Jimenez stated that the price of leaving the gang was "basically a death sentence." Jimenez recounted that upon learning where Rivera was, several members of the gang agreed to "take care of business and . . . take them [Rivera and another ex-member] out." According to Jimenez, appellant armed himself with a .22 revolver and, upon arriving at Rivera's mother's house, "[h]e got out of the vehicle and started like chasing Steven [Rivera] and . . . shooting the gun toward him . . . ."

Salvador Gonzalez testified that he also was a prospect of La Raza Unida. He testified that on April 29, members of the gang decided that "something needed to be done about" the fact that Rivera was "at these other guys house and . . . taxing them," which caught the attention of Jimenez because "an ex-member . . . can't just be taxing—taxing anybody for selling drugs." Gonzalez stated that he and six others drove

---

[2] Jimenez elaborated, "He [Rivera] was supposed to give a certain percentage of the money he was making selling drugs there in Taft to the gang and being an ex-member and ex-prospect he was in debt. He was in debt to the gang so in a sense he—he owed."

3

to the location in three SUVs. He observed that appellant had a nickel-plated or chrome revolver and testified that he saw appellant chase Rivera with the handgun. Both Gonzalez and Jimenez testified that appellant later told others that he shot Rivera.

## II. CORROBORATION OF ACCOMPLICE TESTIMONY

By his first issue, appellant argues the evidence is insufficient to corroborate the accomplice witness testimony. The so-called "accomplice-witness rule" provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX. CRIM. PROC. CODE ANN. art. 38.14 (West 2005). An accomplice is an individual who participates with a defendant before, during, or after the commission of the crime and acts with the required culpable mental state. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004); *see* TEX. PENAL CODE ANN. § 7.02(a) (West 2011). Participation requires an affirmative act that promotes the commission of the offense with which the defendant is charged. *Paredes*, 129 S.W.3d at 536. An individual is an accomplice as a matter of law if he "is susceptible to prosecution for the offense with which the accused is charged or a lesser included offense." *Id.* at 536.

Jimenez and Gonzalez were indicted with appellant for the underlying offenses, and admitted to their participation during appellant's trial. Their testimony is accomplice testimony and cannot be the sole basis of appellant's conviction. *See* TEX. CRIM. PROC. CODE ANN. art. 38.14; *Paredes*, 129 S.W.3d at 536.

4

**A. Standard of Review**

In conducting a sufficiency review under the accomplice-witness rule, a reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). "Tendency to connect" rather than rational sufficiency is the standard; the corroborating evidence need not be sufficient by itself to establish guilt. *Id.* The accomplice-witness rule is not based upon federal or state constitutional notions of sufficiency; there simply needs to be "other" evidence tending to connect the defendant to the offense. *Id.*

**B. Discussion**

Applying the accomplice-witness rule, we exclude the testimony of Jimenez and Gonzalez and examine the remaining portions of the record to determine if there is any evidence that tends to connect appellant to the charged offenses. *See id.* Rivera testified that appellant chased him and shot him twice in the elbow. Rivera also showed his injured elbow to the jury. Rivera's sister testified she was approaching her mother's house when she saw appellant and others running away from it. Lopez, the neighbor, observed that one of the shooters had a nickel-plated gun, and Gonzalez said appellant used a nickel-plated gun in the shooting. After excluding the accomplice testimony of Jimenez and Gonzalez, we conclude there is sufficient evidence that tends to connect appellant to the charged offenses. *See id.* We overrule appellant's first issue with respect to the corroboration of the accomplice witness testimony.

### III.  SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant also argues the evidence is insufficient to support his conviction.   In reviewing the evidentiary sufficiency to convict, we view all of the evidence, including accomplice-witness testimony, *see McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997) (en banc), in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.   *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012).   The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony.   *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.   *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).   Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.   *Id.*

A person commits an aggravated assault if the person commits an assault by causing the intentional, knowing, or reckless bodily injury of another, and the person uses or exhibits a deadly weapon during the commission of the assault.   *See* TEX. PENAL CODE ANN. §§ 22.01; 22.02(1)(2) (West 2011).   A person engages in organized criminal activity if the person commits or conspires to commit one of the statutorily included offenses,

6

including aggravated assault, with intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang. *See id.* § 71.02(a)(1).

The testimony of Rivera, Jimenez, and Gonzalez was sufficient to support appellant's conviction for aggravated assault. *See Bowden v. State*, 628 S.W.2d 782, 784–85 (Tex. Crim. App. 1982) (holding the testimony of a single eyewitness alone may be sufficient to support a conviction); *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) (same). Investigators Leal and Wood testified that appellant was a member of the La Raza Unida criminal street gang, and Jimenez and Gonzalez's testimony showed that appellant, as a gang member, participated with the gang in conspiring to assault and in assaulting Rivera. *See Bowden*, 628 S.W.2d at 784–85; *Aguilar*, 468 S.W.2d at 77; *see also Brooks*, 323 S.W.3d at 899 (holding that the jury is the sole judge of the credibility of witnesses and of the weight to be given to their testimony). We overrule the remainder of appellant's first issue.

### IV. ACCOMPLICE WITNESS INSTRUCTION

By his second issue, appellant contends the trial court committed reversible error by failing to give an accomplice witness testimony instruction in the court's charge. Appellant did not object to the absence of the instruction at trial.

### A. Standard of Review

When an appellate court is presented with an argument that a trial court committed jury charge error, we conduct a two-step inquiry: "First, the reviewing court must determine whether the jury charge contains error. Second, the court must determine

7

whether sufficient harm resulted from the error to require reversal." *Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998) (en banc); *see Benn v. State*, 110 S.W.3d 645, 648 (Tex. App.—Corpus Christi 2003, no pet.). Once an appellate court finds jury-charge error, it applies one of the two following standards of review: "Where there has been a timely objection made at trial, an appellate court will search for only 'some harm.' By contrast, where the error is urged for the first time on appeal, a reviewing court will search for 'egregious harm.'" *Mann*, 964 S.W.2d at 641 (quoting *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994)).

**B.    Discussion**

"Where . . . there exists no doubt or the evidence clearly shows that a witness is an accomplice witness as a matter of law[,] 'the court is under a duty to so instruct the jury.'" *DeBlanc v. State*, 799 S.W.2d 701, 708 (Tex. Crim. App. 1990) (en banc) (quoting *Gonzales v. State*, 441 S.W.2d 539, 541 (Tex. Crim. App. 1969)). "A State's witness who has been indicted for the same offense as the defendant is considered to be an 'accomplice as a matter of law.'" *Id.* Jimenez and Gonzalez were both indicted for the same offenses as appellant, making them accomplices as a matter of law. Accordingly, the trial court erred by not including the accomplice witness instruction in the charge. *See id.*; *Allen v. State*, 461 S.W.2d 622, 625 (Tex. Crim. App. 1970).

Appellant did not object to absence of the instruction, so we review the error to determine whether its omission caused egregious harm. *See Mann*, 964 S.W.2d at 641. Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Allen v. State*, 253

8

S.W.3d 260, 264 (Tex. Crim. App. 2008) (citing *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2007)). In sum, the error must have been so harmful as to effectively deny the accused a fair and impartial trial. *See Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008). Egregious harm from unobjected-to error in the jury charge is a difficult standard to prove, and such a determination must be done on a case-by-case basis. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

In determining whether appellant was deprived of a fair and impartial trial, we review "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* (quoting *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc)). We will examine "any . . . part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused." *Id.* at 490 (quoting *Almanza,* 686 S.W.2d at 174).

### 1. The Jury Charge

First, we consider the entire jury charge. *See id.* at 489. Here, nothing in the jury charge emphasized to the jury the need to connect appellant to the crime with some non-accomplice evidence. *See Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (en banc) (explaining that the purpose of the instruction is to inform the jury that it cannot use accomplice testimony unless some non-accomplice evidence connects the defendant to the crime). This factor weighs in favor of finding egregious harm.

9

### 2. The Evidence

Next, we evaluate the state of the evidence, including the contested issues and weight of probative evidence. *See Taylor*, 332 S.W.3d at 489. Appellant argues that "without the accomplice witness testimony, the State has no case." We disagree. Rivera was not an accomplice and testified that appellant chased and shot him. The testimony of a single eyewitness alone may be sufficient to support a conviction. *See Bowden*, 628 S.W.2d at 784–85; *Aguilar*, 468 S.W.2d at 77. Rivera's testimony connected appellant to the crime and strengthened the evidence against appellant. *See Herron*, 86 S.W.3d at 632 ("Under the egregious harm standard, the omission of an accomplice witness instruction is generally harmless unless the corroborating (non-accomplice) evidence is 'so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive.'" (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991))). This factor weighs against an egregious harm conclusion. *See id.* ("[N]on-accomplice evidence can render harmless a failure to submit an accomplice witness instruction by fulfilling the purpose an accomplice witness instruction is designed to serve.").

### 3. Counsel's Argument

The accomplice-witness rule reflects "the legislative determination that accomplice testimony must be taken with a certain degree of caution." *Gaston v. State*, 324 S.W.3d 905, 908 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see Bingham v. State*, 913 S.W.2d 208, 211 (Tex. Crim. App. 1995). "'Accomplices often have an incentive to lie, such as to avoid punishment or shift blame to another person.'" *Smith v. State*, 332

S.W.3d 425, 439 (Tex. Crim. App. 2011) (quoting *Blake v. State*, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998)); *see Walker v. State*, 615 S.W.2d 728, 731 (Tex. Crim. App. 1981) (panel op.); *Gaston*, 324 S.W.3d at 908.

Because appellant was tried with a co-defendant, the jury heard two defense closing arguments. Both closing arguments impressed upon the jury the benefits that Jimenez and Gonzalez could gain by testifying for the State as accomplice witnesses. The co-defendant's attorney told the jury, "Most of the testimony you have received came from convicted and confirmed gang members that have something to gain from their testimony. That was very clear." Again, co-defense counsel emphasized, "The only people that can put [co-defendant] there are the witnesses that have already told you, that's right, I stand to benefit if I cooperate. That's very clear and that just resonates throughout the whole trial." Appellant's attorney added, "What is the motivation behind these witnesses, ladies and gentlemen?" Referring to Gonzalez, appellant's counsel stated, "And what a sweet deal he got, five years with a minimum sentence concurrent with whatever case he got. These people have the motivation to tell the State what they wanted to hear. That's the motivation. Does that make them credible in your mind based on everything else you saw?"

The jury was fully apprised of the potential benefit Jimenez and Gonzalez could receive for testifying against appellant. We conclude that this factor weighs against an assessment of egregious harm.

### 4. Other Information in the Record

As a last consideration, we note that the closing argument is not the only time the jury heard about the potential benefit that Jimenez and Gonzalez might receive by testifying for the State. Both defense attorneys cross-examined the witnesses and revealed the potential motivation. Such cross-examination and testimony also weighs against an egregious harm conclusion.

After applying the four egregious harm factors for unobjected-to error, we conclude the trial court's error of not including the accomplice witness instruction was not egregious harm. *See Taylor*, 332 S.W.3d at 489; *Mann*, 964 S.W.2d at 641. We overrule appellant's second issue.

## V. JURY CHARGE APPLICATION PARAGRAPHS

By his third issue, appellant asserts the trial court committed reversible error by failing to give a proper application paragraph in the jury charge. Appellant preserved this issue by a timely and specific objection. First, we evaluate whether the trial court erred, and second, if we find error, we look to determine whether the error caused "some harm." *Mann*, 964 S.W.2d at 641; *Benn*, 110 S.W.3d at 648.

Appellant objected to the following language that appeared in each of the four application paragraphs—one paragraph for each count:

> [I]f you find from the evidence beyond a reasonable doubt that on or about April 29, 2011, in San Patricio County, Texas, Jose Inez Jimenez, Salvador Gonzalez, Joe David Luna, Leonard Ruben Garcia, Ruben Trevino, and Rudolfo Salazar, acting alone or together . . . .

Appellant's attorney objected, stating it would be "less confusing" to delete the names of all of the indicted defendants except appellant, thus rendering the application paragraph

12

to read, "Leonard Ruben Garcia acting alone or together with others . . . ." The trial court overruled appellant's objection, noting that the language tracked the language in the indictment and that the verdict form "corrects the issue you're concerned about." The verdict form for appellant only listed appellant's name on each count.

The trial court is responsible for providing a jury charge "distinctly setting forth the law applicable to the case[.]" TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Appellant's objection that the application paragraph could be "less confusing" did not challenge the law outlined in the charge. "The general rule is that it is usually permissible to track the pertinent part of the charging instrument when preparing the application paragraph." *Andrews v. State*, 652 S.W.2d 370, 374 (Tex. Crim. App. 1983) (en banc); *see Alba v. State*, 905 S.W.2d 581, 589 (Tex. Crim. App. 1995) (en banc). This rule is not absolute; it does not excuse a trial court's comment on the weight of the evidence or assumption of a disputed fact. *See id.*

The complained-of language tracked the indictment's language, and it did not constitute a comment on the weight of the evidence or an assumption of a disputed fact. Moreover, there is no evidence of harm, especially given that the verdict forms regarding appellant did not list appellant with the other co-defendants. The jury had to find beyond a reasonable doubt that appellant was guilty of the indicted offenses. The trial court did not err in overruling appellant's objection. We overrule appellant's third issue.

## VI. REFORMATION OF JUDGMENT

Although the reporter's record shows that appellant pleaded "not guilty" to the alleged violations, the trial court's written judgment incorrectly reflects that appellant

13

pleaded "guilty" to the two counts of engaging in organized criminal activity. An appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b); *Torres v. State*, 391 S.W.3d 179, 185 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We hold that the judgment should be modified to reflect that appellant pleaded "not guilty."

## VII. CONLUSION

We reform the judgment to reflect appellant's plea of "not guilty." The judgment is affirmed, as modified.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2013.

14