

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00277-CR

ALVIN RAY COOPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. A19357-1211, Honorable Edward Lee Self, Presiding

May 6, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Alvin Ray Cooper was convicted of forgery and sentenced to eighteen months confinement in a state jail facility. He seeks to overturn that conviction by contending that 1) the trial court submitted an inaccurate accomplice witness instruction to the jury, and 2) the evidence, excluding that uttered by accomplices, failed to connect him to the offense. We affirm the judgment.

Appellant was convicted of forging a check in the amount of $500 written on the account of his employer, Floydada Livestock, Inc. According to the record, he picked up

Joel Santos, a fellow employee, and drove to Mr. Payroll in Plainview, Texas in his dark green, four-door truck. Able Vasquez and Steven Posada allegedly accompanied them. Santos testified that appellant filled out the check, gave it to him to cash, and then Santos cashed it and gave all the money to appellant.

*Sufficiency of the Non-Accomplice Evidence*

Appellant contends that the non-accomplice evidence failed to connect him to the offense. We disagree and overrule the issue.

In addressing appellant's complaint, we eliminate the accomplice testimony and examine the rest of the record to see if there is evidence tending to connect the defendant to the commission of the crime charged. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. 2001). The evidence does not have to directly tie appellant to the offense or be sufficient by itself to establish his guilt for same. *Cathey v. State,* 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). It need only "'link the accused in some way to the commission of the crime and show that rational jurors could conclude that this evidence sufficiently tended to connect [the accused] to the offense.'" *Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009), *quoting Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). So too may it be circumstantial. *Gaston v. State*, 324 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Evidence of record here discloses that appellant worked for the company that owned the account against which the checks were written, that he did odd jobs including janitorial work for the business, and that he had "free access" to the buildings. Joel Santos, his purported compatriot in the scheme, also worked at the same business. Additionally, Santos and appellant engaged in several recorded telephone

conversations wherein appellant could be heard saying such things as 1) "What did you say?" when Santos told him that he had been asked about the "checks", 2) Santos having to protect him, 3) his being unable to help Santos if he (appellant) was in jail), 4) his offering financial help to Santos, 5) his asking if Santos had said anything about him (appellant); and 6) wishing he had not brought any others in, and believing he should have left it to himself, Vasquez, and Santos. Combined, this was ample evidence linking appellant "in some way to the commission of the crime" for which he was prosecuted.

*Accomplice Witness Instruction*

Next, appellant asserts that the trial court submitted an accomplice witness instruction to the jury that misapplied the law. That is, the court instructed the jury that "[e]vidence is sufficient to corroborate the testimony of an accomplice if that evidence tends to connect the defendant, Alvin Ray Cooper, with the commission of *any* offense that may have been committed." (Emphasis added). Using the word "any" was error, according to appellant, because the evidence must tend to connect him to the particular offense with which he was charged. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005) (stating that a conviction cannot rest upon the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant to the offense committed). While we agree that the passage was an inaccurate statement of the law, we nonetheless find it harmless.

No one objected to the inaccuracy at trial. Therefore, it can be considered reversible error only if it caused appellant egregious harm. *See Gelinas v. State*, 398 S.W.3d 703, 705 (Tex. Crim. App. 2013). Furthermore, harm is egregious if it denied

3

the defendant a fair and impartial trial. *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011). And, in making that assessment, we consider 1) the entire jury charge, 2) the state of the evidence including contested issues, 3) arguments of counsel, and 4) any other relevant information in the record. *Gelinas v. State*, 398 S.W.3d at 705-06. With that said, we turn to the record before us.

Immediately following the contested instruction appeared other statements. The first specified that "[e]vidence is not sufficient to corroborate the testimony of an accomplice if the evidence *merely shows an offense was committed*." (Emphasis added). Via the second, the jurors were told that they could "find the defendant guilty on the testimony of Joel Santos only if . . . [they] believe[d] that the testimony of Joel Santos is true and shows the defendant is guilty, and there is evidence, other than the testimony of Joel Santos, that tends to connect the defendant, Alvin Ray Cooper, *with the commission of the crime charged against him* . . . ." (Emphasis added). These passages informed the jury that the non-accomplice evidence had to tie the accused to the crime for which he was charged, not simply "any" crime.

Furthermore, while the State mentioned the contested statement in its closing argument, the State also referred to the paragraph immediately below it which instructed the jury that the evidence had to connect appellant to the charged offense. To that, we add the non-accomplice evidence linking appellant to the offense, which evidence we described in the first issue addressed above.

Simply put, the totality of the record fails to illustrate that the misstatement in question caused egregious harm. So, we overrule the issue.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.