**Affirmed and Memorandum Opinion filed November 13, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00742-CR

_____

**KIRBY HALL A/K/A KENDELL DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1394653**

## M E M O R A N D U M   O P I N I O N

Appellant Kirby Hall a/k/a Kendell Davis appeals his conviction for aggravated assault against a public servant challenging the sufficiency of the evidence to support his conviction. *See* Tex. Penal Code § 22.02(b)(2)(B). Finding sufficient evidence to support appellant's conviction, we affirm.

### I. BACKGROUND

On September 1, 2011, Harris County Sheriff's Deputy Alan Whitlock was

dispatched to a disturbance in an apartment complex. As he drove to the location of the disturbance Whitlock heard shots fired. Soon after hearing the shots fired, Whitlock observed a white Cadillac and a black car driving very close together. Whitlock testified this was suspicious in that it was approximately 2:00 a.m. and there were no other cars in the area. When Whitlock pulled behind the white Cadillac he noticed the passengers of the car making furtive, suspicious movements. Whitlock turned on his emergency lights to stop the Cadillac. When the driver of the car did not stop, Whitlock turned on his siren and followed the car. As the car went around a curve Whitlock saw the passenger in the back left side behind the driver lean out of the window with a gun. Whitlock could not identify the individual with the gun other than his race, which was African-American. Whitlock then heard gunfire and felt a bullet hit his chest.

Juan Ybarra, the owner of the white Cadillac, testified that on the day of the offense, he went to Richard Rodriguez's house to drink and to smoke marijuana with six or seven of their mutual friends including Jose Gonzalez, Brianna Garza, and appellant. At some point in the evening, Ybarra planned to drive Gonzalez and Garza home. Appellant left the house for a few minutes, returned with a rifle, and said to Ybarra, "Let's go shoot this." At that point, Ybarra, Rodriguez, and appellant decided to shoot the gun, then drive Gonzalez and Garza home. Rodriguez knew of a location where neighbors shot guns without anyone calling the police.

When they arrived at the location described by Rodriguez, Ybarra stopped the car, appellant got out, shot the gun in the air four or five times, and got back in the front passenger seat of the car. Ybarra then drove to Gonzalez's house. After Gonzalez got out of the car, the rest of the passengers changed positions. Rodriguez moved to the front passenger seat, Garza sat behind Rodriguez in the

2

right back passenger seat, and appellant sat behind Ybarra in the left back passenger seat. As Ybarra drove out of Gonzalez's neighborhood, Rodriguez leaned out of the front passenger seat and fired the gun once. Ybarra became nervous about Rodriguez and appellant shooting the gun, and decided to drive them back to Rodriguez's house before taking Garza home. Ybarra testified, "I wanted to get that gun out of my car as quick as I could."

As Ybarra was driving toward Rodriguez's house he saw two patrol cars pass. One of the cars shined its spotlight on the car and activated its emergency lights. Although appellant told him not to stop, Ybarra stopped the car. At this time, Ybarra testified that everyone was afraid because the gun was sitting in the front seat of the car. Ybarra told Rodriguez to throw the gun out of the window. Appellant told Rodriguez to shoot the police officer. Rodriguez gave the gun to appellant explaining that he did not want to shoot the police officer. At this point, Ybarra sped up because he was afraid if he stopped for the police car that appellant would shoot him. As Ybarra was driving he heard three to four gun shots in quick succession. Shortly after the shooting, when Ybarra slowed the car to make a turn, Rodriguez and Garza jumped out of the moving car. Later, appellant jumped out of the car. Ybarra eventually pleaded guilty to evading arrest with a motor vehicle.

Brianna Garza testified and gave an account similar to that of Ybarra. Garza testified that it was her understanding that she would be driven home before the men began shooting the gun. She recounted the initial shooting in the field, Rodriguez shooting the gun while the car was moving, the police attempting to stop them, appellant telling Rodriguez to shoot the officer, and Rodriguez refusing to do so. When appellant took the gun and said he was going to shoot the officer, Garza hit the back of the gun in an attempt to stop appellant from shooting. Garza thought that appellant attempted to point the gun at Ybarra because Ybarra was

stopped for the police car and did not want to flee. Garza testified that as appellant began shooting, she and Rodriguez jumped out of the car. Garza and Rodriguez ran to Rodriguez's house. Appellant returned to Rodriguez's house approximately ten minutes later, but left again when the police arrived. Garza pleaded guilty to evading arrest.

Appellant was convicted of aggravated assault against a public servant and sentenced to 50 years in prison.

## II. SUFFICIENCY OF THE EVIDENCE

In a single issue appellant claims the evidence is insufficient to support his conviction. Specifically, appellant contends that the evidence does not sufficiently corroborate the testimony of the accomplice witnesses.

In evaluating the sufficiency of the evidence, we must view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The accomplice-witness rule provides that a "conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Tex. Code Crim. Proc. art. 38.14. The rule derives from the legislative determination that accomplice testimony must be taken with a degree of caution. *Nolley v. State*, 5 S.W.3d 850, 852–53 (Tex. App.—Houston [14th Dist.] 1999, no pet.). The underlying rationale is that the accomplice is a corrupt source who may well have improper incentives when testifying against the accused—e.g., to redirect blame or to gain favor with the State in exchange for a reduced punishment. *Wincott v. State*,

59 S.W.3d 691, 698 (Tex. App.—Austin 2001, pet. ref'd). For these reasons, an accomplice witness is a "discredited witness," and regardless of how completely the accomplice may outline the facts of a case, the jury may not convict the accused without additional corroborating evidence. *Walker v. State*, 615 S.W.2d 728, 731 (Tex. Crim. App. 1981); *Gaston v. State*, 324 S.W.3d 905, 908–09 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Before turning to whether the evidence was sufficiently corroborated, we review whether Ybarra and Garza were accomplice witnesses.[1] An accomplice is an individual who participates with a defendant before, during, or after the commission of the crime and acts with the requisite culpable mental state. *Cocke v. State*, 201 S.W.3d 744, 747 (Tex. Crim. App. 2006); *Yost v. State*, 222 S.W.3d 865, 871 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Such participation must involve an affirmative act that promoted the commission of the offense with which the accused was charged. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).

To sustain a conviction for aggravated assault of a public servant the evidence must demonstrate that: (1) the person intentionally or knowingly threatened another with imminent bodily injury, (2) the person used or exhibited a deadly weapon during the commission of the assault, and (3) the offense was committed against a person the actor knew was a public servant while the public servant was lawfully discharging an official duty. Tex. Penal Code §§ 22.01(a)(2), 22.02(a)(2), (b)(2)(B). Pursuant to Texas Penal Code sections 7.01 and 7.02, an individual can be convicted as a party to an offense if that offense was committed by his own conduct, by the conduct of another for which he is criminally

---

[1] In his brief appellant contends that Ybarra, Garza, and Rodriguez were accomplice witnesses. Rodriguez, however, did not testify; therefore, we confine our review to Ybarra and Garza.

responsible, or both. Tex. Penal Code § 7.01. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex. Penal Code § 7.02(a)(2). Therefore, we review the record to determine whether the evidence reflects that Ybarra and Garza could have been convicted as parties to the offense of aggravated assault of a public servant. Appellant did not request an accomplice witness instruction at trial, nor does he argue that Ybarra and Garza were accomplices as a matter of law. Therefore, we address whether Ybarra and Garza were accomplices as a matter of fact. *See Druery v. State*, 225 S.W.3d 491, 497–98 (Tex. Crim. App. 2007) (jury instruction is given on an accomplice as a matter of law when witness is charged or could be charged with the offense or lesser-included offense; when the evidence is conflicting as to whether witness was accomplice, jury decides whether witness is an accomplice as a matter of fact).

The record reflects that Ybarra and Garza were present when the offense occurred, and that they participated in the offense of evading arrest or detention. Ybarra was charged with evading arrest or detention in a motor vehicle, a state jail felony. *See* Tex. Penal Code § 38.04(b)(1)(B). Garza was charged with evading arrest on foot, a Class A misdemeanor. *See id.* § 38.04(a). However, the record does not reflect that Ybarra and Garza participated with appellant before, during, or after the commission of the offense of aggravated assault of a public servant, or acted with the requisite culpable mental state to commit that offense.

Both Ybarra and Garza testified that they knew a gun was in the car and that appellant and Rodriguez intended to shoot it in an open area. Garza expected to be dropped off at her home before any shooting began. Ybarra testified he attempted to stop the car when the police initiated the traffic stop, and that he only drove

6

away because he feared appellant would shoot him. Ybarra further testified that he instructed Rodriguez to throw the gun out of the window. Similarly, Garza testified that she hit the back of the gun in an attempt to prevent appellant from shooting Whitlock. There is no evidence that Ybarra or Garza took any affirmative act to assist in shooting Whitlock. While they knew of the gun and the plan to shoot it prior to commission of the offense, they believed appellant and Rodriguez intended to shoot the gun in an open area. Ybarra and Garza did not anticipate that appellant would shoot a police officer, nor did they act with the requisite culpable mental state to commit the offense of aggravated assault of a public servant. The fact that Ybarra and Garza were in the car, coupled with their knowledge of the weapon when appellant shot Whitlock, does not render them accomplice witnesses to the charged offense. *See Zuniga v. State*, 393 S.W.3d 404, 414 (Tex. App.—San Antonio 2012, pet. ref'd) (witness was not an accomplice simply because he was a passenger in the car at scene of murder).

Appellant further argues that Ybarra and Garza participated in a conspiracy to shoot the weapon, and could be considered accomplices under section 7.02 of the Texas Penal Code. If in the attempt to carry out a conspiracy to commit one felony another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of carrying out the conspiracy. Tex. Penal Code § 7.02(b); *Zamora v. State*, 432 S.W.3d 919, 922 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Appellant argues that Ybarra and Garza knew that the gun was in the car and discussed a plan to shoot the gun in an open area. Therefore, appellant argues, the parties should have "foreseen that shooting a firearm into a neighborhood might

attract the attention of law enforcement and that in entering into that conspiracy someone might get shot."

The record does not reflect that Ybarra and Garza were accomplice witnesses because they were criminally responsible for appellant's actions under the conspiracy theory of party liability. Appellant argues that by planning to discharge a firearm in the city, the group should have anticipated the potential for the offense of aggravated assault of a public servant.

Appellant's theory is not supported by the evidence or the Penal Code definition of co-conspirators. Section 7.02(b) of the Penal Code provides that a person can be held criminally responsible under the law of parties if, in the attempt to carry out a conspiracy to commit one felony offense, another felony is committed by one of the conspirators. *See Hooper v. State*, 214 S.W.3d 9, 13–14 (Tex. Crim. App. 2007). Discharging a firearm in a municipality is a misdemeanor, not a felony. *See* Tex. Penal Code §§ 42.01 (a)(7), (d) (discharge of a firearm in a public place is a Class B misdemeanor) & 42.12(a), (b) (discharge of a firearm inside the corporate limits of a municipality having a population of 100,000 or more is a Class A misdemeanor). The record does not contain evidence of a conspiracy to commit a felony.

Appellant's argument is predicated on the idea that Ybarra and Garza were accomplices to aggravated assault of a public servant. The record does not support appellant's assertion. The record reflects that Ybarra and Garza did not participate in the shooting of the police officer, did not conspire to shoot a police officer, nor could they have anticipated when they got in the car with appellant that he would shoot a police officer. If a State's witness has no complicity in the offense for which an accused is on trial, the witness's testimony is not that of an accomplice witness whatever may have been the witness's complicity with the accused in the

commission of other offenses. *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987). There is no evidence that Ybarra and Garza were appellant's accomplices as a matter of fact; therefore, there is no requirement of corroboration. *See* Tex. Code Crim. Proc. art. 38.14.

Based on all the evidence presented, including the testimony of Ybarra and Garza, viewed in the light most favorable to the verdict, we conclude a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. We therefore overrule appellant's sole issue, and affirm the trial court's judgment.

/s/    Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).